UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAVIER A. GONZALEZ
and other
individuals,

    Plaintiff,

v.

PLOMO, LLC
a/k/a PLOMO TEQUILA & TACO BAR,
IOANNIS SOTIROPOULOS, and
EFTHYMIOS PALIOURAS, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JAVIER A. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants PLOMO, LLC a/k/a PLOMO TEQUILA & TACO BAR, IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS, individually and allege:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JAVIER A. GONZALEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant PLOMO, LLC a/k/a PLOMO TEQUILA & TACO BAR (hereinafter PLOMO TEQUILA & TACO BAR is a Florida Corporation, having a place of business in Miami-Dade County, where Plaintiff worked for Defendant. At all times material, hereto this Company was and is engaged in interstate commerce.

4. The individual Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS were and are now the owners/partners/officers and managers of Defendant Corporation PLOMO TEQUILA & TACO BAR. Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Defendant PLOMO TEQUILA & TACO BAR is a retail business operating as a Mexican restaurant and bar. The Defendant is located at 230 Miracle Mile, Coral Gables, FL 33134 where Plaintiff worked.

7. Defendants PLOMO TEQUILA & TACO BAR, and the individual Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS employed Plaintiff JAVIER A. GONZALEZ from approximately July 01, 2017 to April 30, 2019, or 95 weeks.

8. During his time of employment with Defendants, Plaintiff worked as a line cook, and he had a wage rate of $11.00, $12.00, $13.00, and $14.00 an hour.

9. The Plaintiff had a regular schedule. The Plaintiff worked weeks of 5 or 6 days, but most of the time, Plaintiff worked 6 days per week. Usually, Plaintiff worked from Tuesdays to Thursdays from 11:00 AM to 8:00 PM (9 hours each day); on Fridays and Saturdays

Plaintiff worked from 11:00 AM to 11:00 PM (12 hours each day), and on Sundays Plaintiff worked from 11:00 AM to 8:00 PM (9 hours). The Plaintiff worked an average of 60 hours weekly. The Plaintiff was unable to take bonafide lunchtime periods.

10. The Plaintiff was paid bi-weekly. During 2017, and 2018 Plaintiff was paid with cash or personal checks without any paystub providing basic information such as total number of days and hours worked, basic wage rate, etc.

11. In that period, Defendants illegally deducted from the Plaintiff's paycheck, a percentage of 7%. The Plaintiff complained to the management about these deductions and the managers told him that Defendants were entitled to deduct this amount based on Plaintiff's immigration status.

12. On or about December 24, 2018, the Plaintiff's wage rate increased to $14.00 an hour and he began to receive paystubs. In this period, Plaintiff did not suffer the 7% illegal deduction.

13. While employed by PLOMO TEQUILA & TACO BAR Plaintiff, and other similarly situated individuals were required to work many hours over 40 in a workweek, without receiving extra payment for overtime hours at the rate of time and a half their regular rate, as required by the Fair Labor Standards Act.

14. The Plaintiff always clocked in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The Plaintiff was not in agreement with the missing payment for overtime hours and complained to his manager many times.

17. On or about April 30, 2019, the Plaintiff was forced to leave his employment to pursue better job opportunities.

18. The Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate about his unpaid overtime hours based on a workweek of 60 hours, and his best recollections. After proper discovery, Plaintiff will adjust his calculations accordingly.

19. Plaintiff JAVIER A. GONZALEZ seeks to recover the 7% illegally deducted, half-time overtime hours accumulated during all his time of employment with Defendants, plus liquidated damages and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants, which resulted in minimum wage violations and non-payment for hours worked in excess of 40 in a week period.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff JAVIER A. GONZALEZ re-adopts every factual allegation concerning to him, as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff JAVIER A. GONZALEZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C.

§ 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

23. The employer PLOMO TEQUILA & TACO BAR was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company operating as a Mexican restaurant and bar. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

24. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials and that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

25. Defendants PLOMO TEQUILA & TACO BAR, and the individual Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS employed Plaintiff JAVIER A. GONZALEZ from approximately July 01, 2017 to April 30, 2019, or 95 weeks.

26. During his time of employment with Defendants, Plaintiff worked as a line cook, and he had a wage rate of $11.00, $12.00, $13.00, and $14.00 an hour.

27. The Plaintiff had a regular schedule. Plaintiff worked weeks of 5 or 6 days, but most of the time, Plaintiff worked 6 days per week, and he completed an average of 60 hours weekly. The Plaintiff was unable to take bonafide lunchtime periods.

28. The Plaintiff was paid bi-weekly. During 2017, and 2018 Plaintiff was paid with cash or personal checks without any paystub providing basic information such as total number of days and hours worked, basic wage rate, etc.

29. In that period, Defendants illegally deducted from the Plaintiff's paycheck, a percentage of 7%. The Plaintiff complained to the management about these deductions and the managers told him that Defendants were entitled to deduct this amount because of Plaintiff's immigration status.

30. On or about December 24, 2018, The Plaintiff's wage rate increased to $14.00 an hour and he began to receive paystubs. In this period, Plaintiff did not suffer the illegal deduction of 7%.

31. While employed by PLOMO TEQUILA & TACO BAR Plaintiff, and other similarly situated individuals were required to work many hours over 40 in a workweek, without receiving extra payment for overtime hours at the rate of time and a half their regular rate, as required by the Fair Labor Standards Act.

32. The Plaintiff always clocked in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

37. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Plaintiff is not in possession of time and payment records, but prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. After discovery, the Plaintiff will adjust his calculations.

    a. <u>Total amount of alleged unpaid wages</u>:

    Eleven Thousand Seven Hundred Seventy-Five Dollars and 00/100 ($11,750.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 95 weeks

    **1.- O/T calculation from approximately July 01, 2017 to December 30, 2017, or 26 weeks, paid $11.00 an hour**

Total relevant weeks: 26 weeks
Total number of hours worked weekly: 60 hours
Overtime hours: 20 overtime hours
Regular rate: $11.00 an hour
O/T rate: $11.00 x 1.5= $16.50 O/T rate
O/T rate $16.50-$11.00 O/T rate paid=$5.50 half-time O/T difference

Half-time $5.50 x 20 hours=$110.00 weekly x 26 weeks=$2,860.00

**2.- O/T calculation from approximately January 01, 2018 to June 30, 2018 or 26 weeks, paid $12.00 an hour**

Total relevant weeks: 24 weeks
Total number of hours worked weekly: 60 hours
Overtime hours: 20 overtime hours
Regular rate: $12.00 an hour
O/T rate: $12.00 x 1.5= $18.00 O/T rate
O/T rate $18.00-$12.00 O/T rate paid=$6.00 half-time O/T difference

Half-time $6.00 x 20 hours=$120.00 weekly x 26 weeks=$3,120.00

**3.- O/T calculation from approximately July 01, 2018 to December 23, 2018 or 25 weeks, paid $13.00 an hour**

Total relevant weeks: 25 weeks
Total number of hours worked weekly: 60 hours
Overtime hours: 20 overtime hours
Regular rate: $13.00 an hour
O/T rate: $13.00 x 1.5= $19.50 O/T rate
O/T rate $19.50-$13.00 O/T rate paid=$6.50 half-time O/T difference

Half-time $6.50 x 20 hours=$130.00 weekly x 25 weeks=$3,250.00

**4.- O/T calculation from approximately December 24, 2018, to April 30,** 2,019 **or 18 weeks, paid $14.00 an hour**

Total relevant weeks: 18 weeks
Total number of hours worked weekly: 60 hours
Overtime hours: 20 overtime hours
Regular rate: $14.00 an hour
O/T rate: $14.00 x 1.5= $21.00 O/T rate
O/T rate $21.00-$14.00 O/T rate paid=$7.00 half-time O/T difference

      Half-time $7.00 x 20 hours=$140.00 weekly x 18 weeks=$2,520.00

      Total half-time overtime 1, 2, 3, and 4: $11,750.00

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the total unpaid half-time overtime.

39. At all times material hereto, the Employer/Defendant PLOMO TEQUILA & TACO BAR failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. In addition, Defendant PLOMO TEQUILA & TACO BAR unlawfully did not pay Plaintiff his wages free and clear and must reimburse Plaintiff the monies which were unproperly deducted from Plaintiff's wages.

41. Defendant PLOMO TEQUILA & TACO BAR, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

42. At the times mentioned, individual Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS were and are now, the owners/partners/managers of PLOMO TEQUILA & TACO BAR. Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS were the employers of Plaintiff and others similarly situated within the

meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the corporation in relation to its employees, including Plaintiff and others similarly situated. Defendants IOANNIS SOTIROPOULOS and EFTHYMIOS PALIOURAS had financial and operational control of the business, determined the Plaintiff's terms and conditions of employment, and they are jointly and severally liable for Plaintiff's damages.

43. Defendants PLOMO TEQUILA & TACO BAR, IOANNIS SOTIROPOULOS, and EFTHYMIOS PALIOURAS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

44. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAVIER A. GONZALEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants PLOMO TEQUILA & TACO BAR, IOANNIS SOTIROPOULOS, and EFTHYMIOS PALIOURAS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JAVIER A. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by jury

Dated:  December 6, 2019

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33157
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*